WILLIAM K. W. HANSEN *vs.* LUDLOW MANUFACTURING
COMPANY.

Hampden.    September 23, 1896. — October 26, 1896.

Present: FIELD, C. J., HOLMES, MORTON, LATHROP, & BARKER, JJ.

*Motion for a New Trial — Adoption by Judge of the Action of Officer
by accepting Verdict.*

At the hearing on a motion for a new trial no evidence was offered to substantiate
the facts alleged therein, which were that the court directed the officer to dis-
charge the jury at eleven o'clock P. M. if they had not then agreed, and the
officer did not discharge them, but the jury continued their deliberations, and
arrived at a verdict some hours later, which was afterwards returned into and
accepted by the court.  *Held*, that, even if the facts stated in the motion were
assumed to be true, the judge had the power to adopt the action of the officer,
and did so by accepting the verdict.

TORT, for personal injuries occasioned to the plaintiff while
in the defendant's employ.   At the trial in the Superior Court,
before *Gaskill*, J., the jury returned a verdict for the defendant;
and thereafter the plaintiff filed a motion, for a new trial as
follows :

" Because the said verdict is against the law and is unlawful
for that the same was reached and agreed upon by the jury after
the jury were discharged by the court, the court having issued
its order to the officer in charge of the jury to discharge said
jury at eleven o'clock in the afternoon of June 12, 1896, if the
jury had not at that time agreed upon a verdict ; that at said
time the jury had not so agreed, and continued their delibera-
tions beyond said time ;  and afterwards, to wit, on or about
three o'clock on the following morning, agreed upon said ver-
dict, which was for the defendant; whereby the plaintiff was ·
aggrieved."

At the hearing on the motion, the plaintiff offered no evidence
in support thereof, but his attorney stated in argument that he
understood the facts as set forth therein.   The judge overruled
the motion ; and the plaintiff excepted.

*J. M. Ross*, for the plaintiff.

*F. H. Gillett & W. W. McClench*, for the defendant.

MORTON, J.   No evidence was offered to substantiate the facts alleged in the motion, and *non constat* that the court found them to be as alleged.   Even if we assume that the court directed the officer to discharge the jury at eleven o'clock P. M., if they had not then agreed, and the officer did not discharge them, but the jury continued their deliberations, and arrived at a verdict some hours later, which was afterwards returned into and accepted by the court, the failure on the part of the officer to observe the directions of the court did not avoid the verdict.

If he had discharged them and they had afterwards agreed on a verdict, the case would have come within *Commonwealth* v. *Townsend*, 5 Allen, 216.   But the jury were not discharged, and the court had a right to adopt the action of the officer which it did by accepting the verdict, and it thus gave to the officer's action the same validity which it would have had if done pursuant to instructions originally given.   See *Hopkins* v. *Sawyer*, 84 Maine, 321.                                   *Exceptions overruled.*